Harry N. JACOBS, Plaintiff,

Richard R. Mulholland; David W. Singer, Plaintiffs–Appellants,

v.

THE FLORIDA BAR; John F. Harkness, Jr., Defendants–Appellees,

Stephen H. Grimes; Supreme Court of Florida; James Fox Miller, President of the Florida Bar; Leander J. Shaw, Jr., et al., Defendants.

No. 93–2933.

United States Court of Appeals, Eleventh Circuit.

April 10, 1995.

As Corrected April 20, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied June 16, 1995.*

* Godbold, Senior Circuit Judge, dissents from the denial of the petition for rehearing.

Bruce Rogow and Beverly A. Pohl, Ft. Lauderdale, FL, for appellants.

Robert A. Butterworth, Atty. Gen., George L. Waas, Asst. Atty. Gen., Office of the Atty. Gen., Paul F. Hill, The Florida Bar, Tallahassee, FL, and Thomas C. MacDonald, Jr., Gregory P. Hansel, Shakleford, Farrior, Stallings & Evans, Tampa, FL, Alan C. Sundberg, Carlton, Fields, et al., Tallahassee, FL, Sylvia H. Walbolt, Carlton, Fields, Ward, Emmanuel, Smith & Cutter, St. Petersburg, FL, for FL Supreme Court.

Before KRAVITCH and BIRCH, Circuit Judges, and GODBOLD, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

This appeal arises out of Appellants' First and Fourteenth Amendment challenge to certain rules promulgated by the Florida Bar governing attorney advertising. Appellants appeal from the district court's order granting Appellees'[1] motion for summary judgment. The issues we address today are narrow: whether Appellants have standing to challenge the rules, and if so, who bears the burden of proving the constitutionality of the rules? We also must determine whether summary judgment was proper on a vague-

ness challenge to one of the rules. We hold that Appellants have standing to bring their as-applied challenge to the rules and that Appellees bear the burden of proving that the rules are constitutional; we also remand to the district court for a determination of whether summary judgment is appropriate with respect to Appellants' vagueness challenge. Accordingly, we REVERSE the grant of summary judgment and REMAND for proceedings consistent with this opinion.

The Florida Supreme Court adopted amended rules promulgated by the Florida Bar, which regulate attorney advertising. *See The Florida Bar: Petition to Amend the Rules Regulating the Florida Bar—Advertising Issues,* 571 So.2d 451 (Fla.1990). Appellants Richard R. Mulholland and David W. Singer are members of the Florida Bar. They brought suit in federal district court, pursuant to 42 U.S.C. §§ 1983, 1988, and 28 U.S.C. §§ 2201–02, seeking an injunction prohibiting the enforcement of certain rules and seeking a declaratory judgment that these rules are unconstitutional.[2] Specifically, Appellants challenge the following rules:[3] (1) the "testimonial rule," prohibiting testimonials in advertising;[4] (2) the "dramatization rule," prohibiting dramatizations in advertising;[5] (3) the "single voice rule," mandating that in television and radio, only one voice be used, with no background sound other than instrumental music and that the voice not be one of a recognizable celebrity;[6] and (4) the "illustration rule."[7] Appellants

---

1. Appellees are: The Florida Bar and John F. Harkness, Jr., Executive Director of the Florida Bar, in his official capacity.

   James Fox Miller, President of the Florida Bar, was a defendant in the action but was dismissed by stipulation prior to summary judgment.

   The Supreme Court of Florida was also a defendant; it was dismissed, however, prior to summary judgment on the ground that the Eleventh Amendment barred suit. The individual justices of the Supreme Court of Florida, named in their official rule making capacity, remain named defendants.

2. Harry N. Jacobs was also a plaintiff in the suit. He was dismissed by stipulation, however, prior to the entry of summary judgment.

3. Initially, Appellants also challenged other rules. During the course of discovery, however, they voluntarily abandoned some of their claims. We need only address those claims remaining at the time when the district judge granted summary judgment in Appellees' favor.

4. Rule 4–7.1 provides:
   A lawyer shall not make or permit to be made a false, misleading, deceptive or unfair communication about the lawyer or the lawyer's services. A communication violates this rule if it ...
   (d) contains a testimonial.

5. Rule 4–7.2(e) states, "[t]here shall be no dramatization in any advertisement in any medium."

6. Rule 4–7.2(b) provides, in pertinent part:
   Advertisements on the electronic media such as television and radio ... shall be articulated by a single voice, with no background sound other than instrumental music. The voice may be that of a full-time employee of the firm whose services are advertised; it shall not be that of a celebrity whose voice is recognizable to the public.

7. Rule 4–7.2(f) provides: "Illustrations used in advertisements shall present information which can be factually substantiated and is not merely self-laudatory."

assert that the first three rules infringe upon their First Amendment rights because they operate as a total ban on a method of advertising, regardless of whether the content of an individual advertisement using that method is misleading or otherwise improper. In their complaint, Appellants allege that they have in the past used advertisements which would now be violative of these three rules and would like to continue to do so.[8] In its answer, the Florida Bar admitted that "some of the plaintiffs have used advertisements that would be violative of the present Rules Regulating The Florida Bar," and that "plaintiffs are subject to potential discipline in accord with the Rules Regulating The Florida Bar if they use advertisements not in compliance with the Rules." [9]

In addition to challenging three rules as unconstitutional prohibitions on certain advertising methods, Appellants also contend that the illustration rule is unconstitutionally vague in violation of the Fourteenth Amendment because it does not give sufficient notice as to which illustrations violate the rule. Appellants aver in their complaint that "[t]hey wish to use illustrations but are unsure of when one becomes 'factually substantiated.' "

Following extensive discovery, Appellants filed a motion *in limine* seeking to place the burden of demonstrating that the rules are justified upon Appellees. The district court held that Appellants sought a facial invalidation of the rules, as they had not submitted any proposed advertisements to the court for review, and thus, Appellants bore the burden of "convinc[ing] this court that facial invalidation is appropriate because the rules can

never be constitutionally applied under any circumstances."

Appellants conceded that they could not meet this burden, as the state clearly could ban advertisements using the prohibited methods if the content of an individual advertisement was misleading.[10]

Following this concession, the district court granted Appellees' motion for summary judgment, reasoning that because Appellants sought to mount a facial challenge to the rules, there was no "justiciable controversy on the record as fashioned by Plaintiffs' complaint."

## I.

■ As a threshold issue, we must determine whether Appellants have standing to bring this suit. "Article III ... gives the federal courts jurisdiction over only 'cases and controversies,' and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 1722, 109 L.Ed.2d 135 (1990).

Whether Appellants have standing to challenge the rules is a legal issue subject to de novo review. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 806 (11th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 683, 126 L.Ed.2d 651 (1994). When an attack on standing occurs via a motion for summary judgment, the plaintiff "must 'set forth' by affidavit or other evidence 'specific facts' ... which for purposes of the summary judgment motion will be taken to be true." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130,

---

**8.** Appellants allege the following in their complaint:

Each of the Plaintiffs has used advertisements which would now be violative of the new Rules Regulating The Florida Bar with regard to lawyer advertising. Each Plaintiff wishes to continue using his former advertisements, or desires to produce and use new advertisements which are, or may be violative of the new Rules. Specifically, the Plaintiffs wish to use, *inter alia,* non-misleading dramatizations, testimonials with truthful commentary, more than a single voice, spokespersons who are not full-time employees of his firm, voices which may

be recognizable to the public, [and] music accompanied by words.

**9.** It is undisputed that Mulholland's law firm spent approximately $610,000 on advertising from April 1991 through April 1992, and that Singer's law firm spent approximately $445,000 on advertising between January 1, 1991 and April 22, 1992.

**10.** Appellants could not show, for example, that the dramatization rule could never be constitutionally applied, because it is clear that the state has the power to ban all misleading advertisements—including misleading dramatizations.

2137, 119 L.Ed.2d 351 (1992) (quoting Fed. R.Civ.P. 56(e)).

To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984).[11] A plaintiff stating that he "intends to engage in a specific course of conduct 'arguably affected with a constitutional interest,' ... does not have to expose himself to enforcement to be able to challenge the law." *ACLU v. The Florida Bar*, 999 F.2d 1486, 1492 (11th Cir. 1993) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 2308–09, 60 L.Ed.2d 895 (1979)). Rather, a plaintiff has standing if he "demonstrate[s] 'a realistic danger of sustaining direct injury as a result of the statute's operation or enforcement.'" *Graham v. Butterworth*, 5 F.3d 496, 499 (11th Cir.1993) (quoting *ACLU v. The Florida Bar*, 999 F.2d at 1492), *cert. denied,* —— U.S. ——, 114 S.Ct. 2136, 128 L.Ed.2d 866 (1994). This showing may be accomplished by an allegation "that either (1) he was threatened with prosecution; (2) prosecution is likely; or (3) there is a credible threat of prosecution." *ACLU v. The Florida Bar*, 999 F.2d at 1492.

Appellants allege that they had used advertisements in the past that violate the new rules, and that, but for the adoption of the rules, they would continue to do so. Appellees, both in their answer and in the joint pre-trial stipulation, admit that Appellants advertise via television, radio, newspapers, and the telephone book yellow pages and that Appellants "have used advertisements that would be violative of the present Rules Regulating The Florida Bar." Appellees also admit that Appellants "are subject to potential discipline in accord with the Rules Regulating The Florida Bar if they use advertisements not in compliance with the Rules." After considering both the pleadings and the admissions in this case, we conclude that Appellants have shown that they face a credible threat of prosecution and thus have standing to bring this claim. *See id.* (when "alleged injury is one of self-censorship, the likelihood of disciplinary action by the Bar ... is an important factor in determining whether [plaintiff] reasonably believed that he had to forgo what he considered to be constitutionally protected speech in order to avoid disciplinary charges being brought against him.").

Our conclusion finds support in similar cases in which a plaintiff asserted that but for the challenged rule, he or she would engage in conduct prohibited by the restriction.[12]

For example, in *United States v. Edge Broadcasting Co.*, —— U.S. ——, 113 S.Ct. 2696, 125 L.Ed.2d 345 (1993), the Court heard a challenge to a federal statute prohibiting radio stations licensed in states which outlaw the lottery from advertising that prohibited activity.[13] Edge alleged that it lost a substantial amount of money because its fear of prosecution "caused it to refrain from broadcasting any advertisements promoting the Virginia lottery." *Edge Broadcasting Co. v. United States*, 732 F.Supp. 633, 635 (E.D.Va.1990). Edge had standing to pursue

---

**11.** A plaintiff must also show that the requested relief would remedy the injury. *Id.; see also E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 984 (11th Cir.1990) ("a demonstration must [also] be made that the requested relief likely will redress the injury"). There is no question in this case that an injunction and declaratory judgment would remedy the injury. We therefore address only whether Appellants allege an injury and whether that injury is "fairly traceable" to the rules.

**12.** Although in some of these cases, the holdings concerning standing are not explicit, appellate courts have an independent obligation to consider standing even when not raised by the parties. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 229–30, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'") (quoting *Wright*, 468 U.S. at 750, 104 S.Ct. at 3324). We may therefore presume, in each of these cases, an implicit holding that the plaintiffs have standing, as the court would otherwise lack jurisdiction to hear the case.

**13.** The plaintiff was a radio station licensed to serve North Carolina, which prohibited the lottery. *Id.* at ——, 113 S.Ct. at 2699. 92.2% of Edge's listening audience resided in Virginia and 95% of its advertising revenue derived from Virginia, which permitted the lottery. *Id.* at ——, 113 S.Ct. at 2702.

its claim even though it had "not been threatened with prosecution." *Id.*

Similarly, in *Edenfield v. Fane*, —— U.S. ——, ——, 113 S.Ct. 1792, 1797, 123 L.Ed.2d 543 (1993), the Court entertained Fane's challenge to a Florida law prohibiting certified public accountants from direct, in-person solicitation of clients; Fane had alleged that "but for the prohibition, he would seek clients through personal solicitation." [14]

Likewise, in *McHenry v. The Florida Bar*, 21 F.3d 1038 (11th Cir.1994), *cert. granted*, —— U.S. ——, 115 S.Ct. 42, 129 L.Ed.2d 937 (1994), this court permitted McHenry, a Florida lawyer, to challenge the Florida Bar's rule prohibiting lawyers from direct mail solicitation in personal injury and wrongful death cases within thirty days of an accident or disaster. This court implicitly held that McHenry had standing because he engaged in the prohibited conduct before the rule was promulgated and asserted "that, but for its prohibition, [he] would send such letters within thirty days of an accident or disaster." [15] *Id.* at 1040. *See also Meese v. Keene*, 481 U.S. 465, 472–73, 107 S.Ct. 1862, 1867, 95 L.Ed.2d 415 (1987) (holding that plaintiff has standing to challenge Foreign Agents Registration Act's use of term "political propaganda"; if plaintiff showed films so designated, he would be subject to adverse consequences such as loss of personal and professional reputation); *Butterworth*, 5 F.3d at 498–99 (holding that plaintiff, a judicial candidate, had standing to challenge statute regulating campaigning, when he alleged that he engaged in conduct statute apparently prohibited in prior election and that he intended to use similar advertisements in re-election campaign; "a credible threat of prosecution exist[s] because [he] intend[ed] to engage in arguably protected conduct, which the statute seemed to proscribe"); *ACLU v. The Florida Bar*, 999 F.2d at 1492 (plaintiff had standing to challenge Florida Bar Rule when he showed a reasonable fear of disciplinary action).

In light of this precedent and The Florida Bar's admission that Appellants face potential disciplinary action should they use the advertisements that they wish to use, we conclude that Appellants have standing to bring this suit.

## II.

■ Following the motion *in limine*, the district court issued an order holding that Appellants bore the burden of proving that the rules could never be constitutionally applied. Appellants conceded that they could not prove that the rules could never be constitutionally applied, as it is clear that the state has the power to prohibit advertisements that are misleading in content, regardless of their form. [16] The district court placed the burden of proof on Appellants because Appellants had characterized their claim as a facial challenge to the rules. We hold, however, that Appellants brought an as-applied challenge to the rules. [17]

A facial challenge is one that seeks to invalidate a law "even though [the law's] application in the case under consideration may be constitutionally unobjectionable." *Forsyth County, Georgia v. The Nationalist Movement*, —— U.S. ——, ——, 112 S.Ct.

---

**14.** Fane had moved to Florida from New Jersey, where such solicitation was permitted. While in New Jersey, Fane engaged in personal solicitation of clients. *Id.* at ——, 113 S.Ct. at 1796.

**15.** Further, after McHenry was disbarred for conduct unrelated to the suit, the district court permitted Blakely, another Florida lawyer who asserted that "but for [the Rule], he would engage in direct mail solicitation of clients during the thirty-day period," to intervene as a plaintiff in the suit. 21 F.3d at 1041 n. 7. We held that regardless of McHenry's disbarment, the suit was not moot because "Blakely has standing to challenge the thirty-day ban on direct mail advertising." *Id.*

**16.** *See* footnote 10.

**17.** We recognize that Appellants characterized their claim as a facial challenge. We are not, however, bound by Appellants' designation of their claims, as the complaint sets forth a cause of action for an as-applied challenge to the rules. *See McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir.1994) (en banc) ("Our responsibility, however, is to examine [plaintiff's] cause of action for what it actually is, not for what [plaintiff] would have it be," and thus court looks to complaint to determine what claim plaintiff's allegations support), *cert. denied*, —— U.S. ——, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995).

2395, 2401, 120 L.Ed.2d 101 (1992). Where, as here, plaintiffs seek to vindicate their own rights, the challenge is as-applied.[18]

For example, in *Fane*, the Court treated Fane's challenge to the rule banning in-person solicitation by accountants as an "as-applied" challenge, when Fane alleged that but for the prohibition, he would engage in the prohibited behavior. *See Fane,* — U.S. at ——, 113 S.Ct. at 1805 (O'Connor, J., dissenting) (criticizing the majority for "characterizing Fane's suit as an 'as-applied' challenge"). *See also Edge Broadcasting Co.,* — U.S. at —— & n. 3, 113 S.Ct. at 2702 & n. 3 (plaintiff mounted as-applied challenge; the district court "[a]ssum[ed] that the advertising Edge wished to air would deal with the Virginia lottery, a legal activity, and would not be misleading").

This court addressed the facial versus as-applied distinction in *Abramson v. Gonzalez,* 949 F.2d 1567, 1573–74 (11th Cir.1992), and held that persons who had not applied for a psychologist's license nonetheless were entitled to raise an as-applied challenge to a Florida law mandating that only licensed psychologists may hold themselves out as psychologists. In so holding, we stated, "[i]f the constitution entitles plaintiffs to advertise in particular ways, ... then as applied to them, the law limits ... the scope of their free expression." *Id.* at 1573; *see also American Library Ass'n v. Reno,* 33 F.3d 78 (D.C.Cir.1994) (although the challenged statute had not been enforced against plaintiffs, plaintiffs sought to alleviate burdens which the statute placed on them, and therefore, challenge was as-applied). We thus conclude

that Appellants have stated a cause of action for an as-applied challenge to the rules.[19]

### III.

■ Where, as here, a plaintiff mounts an as-applied challenge to an alleged burden on commercial speech, "[i]t is well established that 'the party seeking to uphold a restriction on commercial speech carries the burden of justifying it.'" *Fane,* — U.S. at ——, 113 S.Ct. at 1800 (quoting *Bolger v. Youngs Drug Products Corp.,* 463 U.S. 60, 71 n. 20, 103 S.Ct. 2875, 2882 n. 20, 77 L.Ed.2d 469 (1983)). Thus, the "governmental body seeking to sustain a restriction on commercial speech must demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree." [20] *Id.,* at ——, 113 S.Ct. at 1800 (citations omitted); *see also McHenry,* 21 F.3d at 1042 ("the Bar must demonstrate that its thirty-day ban serves a substantial government interest and is narrowly tailored to achieve that interest"); *Reno,* 33 F.3d at 83 (rejecting state's argument that plaintiff had to show that statute was "unconstitutional in every conceivable application," because plaintiff's challenge was as-applied, and not facial).

We express no opinion as to whether the state can meet its burden of justifying the rules. Rather, we REVERSE the district court's order granting Appellees' motion for summary judgment and REMAND for proceedings consistent with this opinion.

### IV.

Appellants also assert that the district court erred in granting summary judgment

---

18. In some circumstances, mere allegations of and an intent to engage in arguably prohibited activity will not suffice. In this case, however, because certain advertising methodologies are prohibited in their entirety, the court would not benefit from Appellants' production of a nonmisleading dramatization or testimonial; such an advertisement violates the rules regardless of the content precisely because of the method through which the message is communicated.

19. When considering an as-applied challenge to a regulation, the court is also free to hold that the statute is unconstitutional on its face. *See Members of City Council v. Taxpayers for Vincent,* 466 U.S. 789, 795–96, 104 S.Ct. 2118, 2124, 80 L.Ed.2d 772 (1984).

20. By contrast, when a plaintiff attacks a law facially, the plaintiff bears the burden of proving that the law could never be constitutionally applied. *See Taxpayers for Vincent,* 466 U.S. at 797–98, 104 S.Ct. at 2124–25 ("a holding of facial invalidity expresses the conclusion that the statute could never be applied in a valid manner"); *New York State Club Ass'n, Inc. v. City of New York,* 487 U.S. 1, 11, 108 S.Ct. 2225, 2233, 101 L.Ed.2d 1 (1988) ("to prevail on a facial attack the plaintiff must demonstrate that the challenged law ... 'could never be applied in a valid manner'") (citation omitted).

with respect to their claim that the illustration rule is unconstitutionally vague.

Appellees first argue that vagueness challenges are impermissible in the context of commercial speech.[21] Alternatively, they assert that the district court properly granted summary judgment because on the merits, the rule is not unconstitutionally vague.

We reject Appellees' contention that vagueness attacks on rules regulating commercial speech are not permitted. Although the Supreme Court has held the overbreadth doctrine [22] inappropriate in commercial speech cases,[23] the Court has not limited the reach of the vagueness doctrine in the same way. To the contrary, the Supreme Court has squarely entertained a vagueness challenge to an advertising restriction on pure commercial speech. *See Posadas de Puerto Rico Associates v. Tourism Co. of Puerto Rico*, 478 U.S. 328, 339, 347, 106 S.Ct. 2968, 2975–76, 2980, 92 L.Ed.2d 266 (1986). We thus find Appellees' first contention without merit.

We decline to resolve the question of whether summary judgment was appropriate on the merits of Appellants' claim. In its order granting Appellees' motion for summary judgment, the trial court did not address Appellants' vagueness challenge, apparently finding it unnecessary to do so in light of its holding that there was no justiciable case. Because we hold that Appellants have standing to bring this as-applied attack on the rules, we remand to the district court for a determination of whether summary judgment was appropriate on Appellants' vagueness challenge to the illustration rule. *See Knight v. Columbus, Georgia*, 19 F.3d 579, 583 n. 3 (11th Cir.) (where district court granted summary judgment on statute of limitations ground, "for prudential reasons," appellate court would not address claim on the merits, but rather would remand to the

district court), *cert. denied*, —— U.S. ——, 115 S.Ct. 318, 130 L.Ed.2d 280 (1994).

For the reasons expressed in this opinion, we REVERSE the district court's grant of summary judgment and REMAND for proceedings consistent with this opinion.

GODBOLD, Senior Circuit Judge, concurring dubitante:

This case was brought as a facial attack on lawyer advertising rules and was presented to the district court as such, and is presented to this court as such:

> That ruling [the district court's summary judgment] conflicts with recent commercial speech decisions of the United States Supreme Court, which permitted facial constitutional challenges to commercial speech regulations. (Citing *Edenfield v. Fain* [*Fane*, —— U.S. ——], 113 S.Ct. 1792 [123 L.Ed.2d 543] (1993), and *U.S. v. Edge Broadcasting Co.* [—— U.S. ——, ——], 113 S.Ct. 2696, 2706 [125 L.Ed.2d 345] (1993).

Appellant's brief p. ii.

The district court responded to the case as presented. Despite the presentation in both courts as a facial challenge the court has recharacterized the case as an "as-applied" attack. I concur in that result because, as best I can tell, it is required of us, but I do so dubiously because I cannot discern with any degree of confidence what, if anything, is left of the facial/as-applied distinction in commercial speech cases, especially in the field of regulation of lawyer advertising.

---

**21.** Appellants conceded at oral argument that the rules implicate only commercial speech.

**22.** The overbreadth doctrine operates as an exception to the traditional rules of standing. It allows persons not personally harmed by a rule or law to nonetheless attack its validity. *See Dimmitt v. City of Clearwater*, 985 F.2d 1565, 1570–71 (11th Cir.1993).

**23.** *See Bates v. State Bar of Arizona*, 433 U.S. 350, 380–81, 97 S.Ct. 2691, 2707–08, 53 L.Ed.2d 810 (1977); *Waters v. Churchill*, —— U.S. ——, ——, 114 S.Ct. 1878, 1885, 128 L.Ed.2d 686 (1994) ("the possibility that overbroad regulations may chill commercial speech [has not] convinced us to extend the overbreadth doctrine into the commercial speech area.").